STEIN *et al. v.* LEVY *et al.*

(*Supreme Court, General Term, First Department.* January 16, 1891.)

INJUNCTION—DISSOLUTION—REFERENCE TO ASCERTAIN DAMAGES.

To obtain an injunction, *pendente lite,* restraining the sheriff from selling goods levied on under an execution, and restraining the judgment creditor and the debtor from receiving any property of the latter, on the ground that the judgment was collusive and fraudulent, an undertaking was given to indemnify all the parties enjoined, if the injunction should be dissolved. On dissolution of the injunction the judgment creditor obtained an order directing a reference to ascertain the damages sustained by him by reason of the injunction. *Held* that, as the order of reference did not include and was not for the benefit of the judgment debtor and the sheriff, and was made without notice to them, it should be vacated, on motion, as improvidently awarded.

Appeal from special term, New York county.

Action by Herman Stein and Monroe L. Simon, against Julius A. Levy, Charles F. Levy, and James A. Flack, as sheriff, to set aside an alleged void and collusive judgment rendered in favor of the defendant Charles F. Levy against the defendant Julius A. Levy. An injunction was awarded the plaintiffs *pendente lite* restraining the sheriff from selling the debtor's effects under an execution issued on the judgment in question. The injunction was dissolved, and an order of reference made to ascertain the damages sustained by the defendant Charles F. Levy by reason of the injunction. From an order denying a motion to vacate said order of reference, plaintiffs appeal. For former reports, see 8 N. Y. Supp. 505; Id. 934, *mem.*

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Benno Loewy,* for appellants. *Fromme Bros.,* for respondents.

DANIELS, J. The injunction order restrained the sheriff from selling property levied upon under an execution issued to him in favor of the respondent against the defendant Julius A. Levy, and from paying over any of the proceeds thereof realized by him, and also restrained the other two defendants from collecting or receiving any of the goods, assets, or choses in action of the defendant Julius A. Levy. It was issued at the instance of the plaintiffs, as attaching creditors of the last-named defendant; and this court, on an appeal from an order denying the application to vacate it, reversed that order, and set aside the injunction. A motion was thereupon made on behalf of the defendant Charles F. Levy, who was the plaintiff in the action in which the execution had been issued, for the order from which the appeal has been taken. It is entirely apparent from the papers used on the motion that it was made solely for the benefit of Charles F. Levy, and in no sense to include, or for the benefit of, the sheriff, or of the defendant Julius A. Levy, and neither of these persons had any notice of the motion, although the undertaking given to obtain the injunction was for their indemnity as well as that of the respondent Charles F. Levy. This was an irregular proceeding, which, by its completion, might deprive the other two defendants of all right to indemnity by means of the undertaking, or subject the sureties to other demands, which it is the policy of the law to prevent. The fact that the other defendants in the action may not have equal claims to protection with the moving party, or may present no claim whatever, will not relieve the proceeding from the effect of this objection; for without first giving them an opportunity to be

heard in their own behalf it cannot appear that they are not entitled, for any cause, to be represented in the hearing intended to be secured.   It is for them to conclude for themselves whether they will claim indemnity under the undertaking; and where the proceeding is animated by an adverse view, as this is, notice of it should be first given to them, enabling them to take such steps as may be requisite for their own protection.   It is the only mode by which adverse or contesting claims can regularly be determined; and that has not been followed in this case.   The failure of the plaintiffs to raise this objection on the hearing of the motion does not rectify the proceeding; for the right to raise it is not restricted to them.   It is the right inhering in these two other persons, in no way represented by the plaintiffs, which it is the duty of the court to preserve; and the plaintiffs had no such relation to them as permitted them, if they had been so disposed, to surrender it.   This order, being irregular, should be reversed, with $10 costs and the disbursements on the appeal, and the motion denied, but with liberty to renew it on service of corrected papers on the other parties interested in the proceedings.   All concur.